NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 5, 2010[*]
Decided November 24, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

Nos. 09-3787 & 09-4100

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 07-cr-862 |
| GABRIEL TOADER and RAUL BORLEA, *Defendants-Appellants*. | Matthew F. Kennelly, *Judge*. |

**O R D E R**

Gabriel Toader and Raul Borlea were among several defendants charged in relation to a fraud scheme. Toader pleaded guilty to one count of wire fraud, see 18 U.S.C. §§

---

[*] This appeal is successive to Appeal Nos. 08-2378, 08-3226, and 08-3238 and has been submitted to this panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

1343 and 2, and was sentenced to 96 months' imprisonment. Borlea was tried by a jury who found him not guilty as to one count of wire fraud, see 18 U.S.C. §§ 1343 and 2, but guilty as to eight other counts of wire fraud and two counts of mail fraud, see 18 U.S.C. §§ 1341, 1343 and 2. He was sentenced to 45 months' imprisonment. They have appealed. Toader contends that the district court's findings were insufficient to hold him accountable for Gabriel Constantin's activities as relevant conduct under U.S.S.G. § 1B1.3. Borlea argues that the federal courts lack jurisdiction over him because he is a Moorish National Citizen. We turn first to Toader's appeal.

*Gabriel Toader*

*United States v. Salem*, 597 F.3d 877 (7th Cir. 2010), addresses the appeals of three defendants charged in another case arising out of the same overall fraud scheme charged in this case and contains a general description of the fraud scheme. We refer the reader to that opinion for background information about the scheme. *See id.* at 879-80.

In this case, the district court found that Toader participated in the scheme for more than two years. The district court described Toader's role as receiving communications from the foreign co-schemers, collecting money from the domestic co-schemers, transmitting or wiring fraud proceeds to the foreign co-schemers, and in some instances, obtaining fake identification for others to use in the scheme. The district court also found that Toader was aware of transactions at Western Union, was responsible for monitoring the receipt of money and ensuring that the foreign schemers got what they were entitled to under the scheme, and involved family members and others in the scheme.

Toader challenges the sufficiency of the district court's findings to support its conclusion that he should be held accountable for the activities of co-schemer Gabriel Constantin as relevant conduct under U.S.S.G. § 1B1.3. Toader argued that he should be held responsible for a loss less than $1,000,000 and for fewer than 250 victims. The government asserted that he should be held accountable for the jointly undertaken fraudulent conduct directly attributable to Constantin. The district court agreed with the government and found that the loss amount was greater than $1,000,000, increasing Toader's offense level by sixteen, see U.S.S.G. § 2B1.1(b)(1)(I), and that the number of victims was greater than 250, adding six more levels, see U.S.S.G. § 2B1.1(b)(2)(C). After adding five levels based on its findings that a substantial part of the offense occurred outside the United States, see U.S.S.G. § 2B1.1(b)(9)(B), and making various adjustments under U.S.S.G. §§ 3B1.1(b) and 3E1.1, the resulting offense level was thirty-one. Given

an offense level of thirty-one and a criminal history category of I, Toader's guideline range was 108 to 135 months' imprisonment. The district court considered the sentencing factors, including sentencing disparities, and imposed a below-guidelines sentence of 96 months.

We review the district court's factual findings for clear error. *United States v. Alaka*, 614 F.3d 368, 371 (7th Cir. 2010). A finding of fact is clearly erroneous "if, based upon the entire record, 'we are left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *United States v. Carani*, 492 F.3d 867, 875 (7th Cir. 2007)).

We addressed the need for a sentencing court to make specific findings on "key elements of the relevant conduct analysis" in *Salem*. We instructed that:

> In applying U.S.S.G. § 1B1.3(a)(1)(B), the district court must make a preliminary determination of the scope of the criminal activity the defendant agreed to jointly undertake. Then the court must make a two-part determination of whether the conduct of others was *both* in furtherance of that joint criminal activity *and* reasonably foreseeable to the defendant in connection with the joint criminal activity.

597 F.3d at 886 (emphasis in *Salem*) (citations omitted). Toader contends that the district court did not make these findings, requiring a remand for re-sentencing. The government concedes that the court did not make a finding as to the scope of the jointly undertaken criminal activity, that this was clear error, and that a limited remand is appropriate.

However, the government asserts that the district court did find that Constantin's conduct was reasonably foreseeable to Toader. The government points to the following findings:

> There was . . .  some of the people who were going in and getting money and then bringing it back, they may have worked for Mr. Constantin at some point. They may have worked for Mr. Toader at some points. They may have worked for both of them at various points. They may have worked for other people, too.

> I also think that there is a significant amount of evidence that Mr. Toader was aware of Constantin's participation in the scheme and that they were both parts of the same overall enterprise.

The district court cited some of the evidence of Toader's involvement with Constantin: common domestic co-schemers who collected funds for both Toader and Constantin; Toader was involved with Constantin in TDG Consulting, a sham company; and the volume of phone calls between Toader and Constantin when considered along with the other evidence "seem[s] . . . to support the proposition that Mr. Toader was aware that he was part of an enterprise that Mr. Constantin was also aware of." The district court noted the evidence of the connection between Toader and Constantin involving the southern Florida aspect of the scheme. The court also referred to admissions by co-defendant Mircea Alin Blaj in his plea agreement. The district court then described Toader's and Constantin's connection as a non-perfect hub and spokes situation: although each was responsible for his own line of authority or chain of command, "there was a lot of interaction along the spokes." The court explained that it was attributing the losses along one line of authority to an individual along another line of authority "on the grounds that the defendant that I'm sentencing is . . . aware of the other person's involvement [and] aware it's all part of a single organized scheme originated by other people[.]"

We cannot agree that the district court's findings were sufficient with respect to whether Constantin's conduct was reasonably foreseeable to Toader for purposes of U.S.S.G. § 1B1.3(a)(1)(B). A finding that Toader was aware of Constantin's involvement in the scheme is insufficient. Even if a defendant was aware that another person was involved in one part of a broad scheme, if the defendant did not join that part, his sentence cannot be based on it. *See Salem*, 597 F.3d at 889; *United States v. Fox*, 548 F.3d 523, 531-33 (7th Cir. 2008) (vacating and remanding where the district court considered whether the coconspirator's conduct was foreseeable to the defendant but did not consider "whether that awareness arose out of [the defendant's] joint criminal activity with [the coconspirator]."). The district court found that "Mr. Toader was aware of Constantin's participation in the scheme and that they were both *parts* of the same overall enterprise." (emphasis added). But the court did not explicitly find that Toader and Constantin joined the *same* part of the overall enterprise. Nor did it find that Constantin's conduct was in furtherance of the joint criminal activity and reasonably foreseeable to Toader in connection with that activity.

*Raul Borlea*

Borlea argues that the federal courts lack subject matter jurisdiction over him and that the laws he is charged with violating are inapplicable to him because he is a Native

Asiatic Moorish National Citizen.[1] This argument is frivolous. The district court has original jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231. Borlea was charged with committing several offenses against the laws of the United States. We have rejected a similar challenge to the district court's jurisdiction by a defendant asserting that he was a Moorish national and therefore need obey only those laws mentioned in an ancient treaty between the United States and Morocco. *United States v. James*, 328 F.3d 953 (7th Cir. 2003). As stated in *James*: "Laws of the United States apply to all persons within its borders. Even if James were not a citizen of the United States . . . he would be obliged to respect the laws of this nation." *Id.* at 954.

*Conclusion*

For the foregoing reasons, we AFFIRM the district court's judgment with respect to Borlea and VACATE Toader's sentence and REMAND for re-sentencing in accordance with this decision. On remand the district court must make findings with regard to the scope of criminal activity Toader agreed to jointly undertake and whether Constantin's conduct was in furtherance of that criminal activity and reasonably foreseeable to Toader in connection with that criminal activity.

---

[1] In a section of his brief entitled, "Statement of the Case," Borlea comments on other aspects of the case, challenging the sufficiency of the evidence to support his convictions and arguing that certain testimony was not credible. However, the only argument he develops in a meaningful way is his jurisdiction argument; he has thus forfeited any other argument. *See United States v. Blagojevich,* 612 F.3d 558, 560 (7th Cir. 2010).