UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TERRANCE L. JAMES-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-755 |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

Plaintiff, who currently is incarcerated in North Carolina, identifies himself as "a Moorish American Sovereign." Compl. ¶ 1. He alleges that defendants misrepresented him "as a Black" who is "subject to the . . . jurisdiction of [the] United States." *Id.* ¶ 4. Consequently, plaintiff allegedly "is physically injured, has lost wages and income, [has] been falsely imprisoned, and [has] suffered mental and physical anguish." *Id.* ¶ 5. Aside from a "judgment against one or all defendants," plaintiff demands no particular relief.

Plaintiff's purported status as a Moorish American does not place him beyond the reach of federal or state law. *See, e.g., United States v. Toader*, 409 F. App'x 9, 13 (7th Cir. 2010) (rejecting as frivolous arguments "that the federal courts lack subject matter jurisdiction over [the defendant] and that the laws he is charged with violating are inapplicable to him because he is a Native Asiatic Moorish National Citizen"); *Jones-El v. S. Carolina*, No. 5:13-CV-01851,

1

2014 WL 958302, at *8 (D.S.C. Mar. 11, 2014) ("The law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside.") (citing cases); *Pitt–Bey v. District of Columbia*, 942 A.2d 1132, 1135 (D.C. 2008) (rejecting claims that criminal defendant was "immune from prosecution in the Superior Court of the District of Columbia" and that he "should be accorded diplomatic immunity pursuant to federal law" based on his status as a member of The Nation of Moorish Americans").

Because the complaint "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 213, 325 (1989), it is frivolous and subject to dismissal, *see* 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1); *see also El Bey v. New Jersey*, No. 14–1221, 2014 WL 4197572, at *1 (D.D.C. Aug. 20, 2014). An Order consistent with this Memorandum Opinion is issued separately.

_____
United States District Judge

DATE: 6/18/15